Winslow v. Covert.

---

## Nathaniel N. Winslow v. Grant Covert.

1. EVIDENCE—*In Chief and upon Rebuttal.*—Where a witness upon his cross-examination explicitly denies certain matters, he can not be again called upon to testify to the same matters in rebuttal.

·Memorandum.—Assumpsit. Appeal from the County Court of McLean County; the Hon. C. D. MYERS, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The statement of facts is contained in the opinion of the court.

KERRICK, LUCAS & SPENCER, attorneys for appellant.

N. W. BRANDICAN and LILLARD & WILLIAMS, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
This is an appeal from a judgment of $50.03 for wages.
The defense was that the employment was for a specific term, and that, without sufficient excuse, the plaintiff quit work before the expiration of the term. The plaintiff denied that the contract was for a definite period, but insisted that even if it was, the defendant, by failing to comply with the conditions binding upon him, released the plaintiff from working the whole time.
The case turned upon the questions of fact thus presented.

There was such conflict in the evidence as is often seen in cases of this sort and the jury were compelled to settle it as best they could. We are impressed with the belief that the solution reached is probably the true one—but whether so or not, it must be so regarded, for in view of the evidence as it appears in the record we can not interfere.

The objections now urged as to the ruling of the court in admitting and rejecting evidence seem to be without merit. It does not appear that anything important and relevant was excluded, or that anything important and irrelevant was admitted. We do not care to consider and discuss all the items in detail. We have carefully examined them all and find no error of consequence therein. Perhaps the matter most deserving of notice, is in respect to the examination of the defendant when he was recalled to rebut the evidence of the three witnesses who were on the jury in the trial before the justice of the peace.

The court refused to allow him to answer the questions put to him and was justified in so doing by the fact that, on his cross-examination when previously testifying, he had gone quite fully over the whole ground and had explicitly denied the matters which those jurors were called to prove. Hence, there was no occasion for him to testify again to the same matters. His statement thereon was already before the jury. A repetition was neither necessary nor proper.

We have carefully read his testimony from the record and are satisfied his rights were not prejudiced by this action of the court.

As to the instructions the appellant makes some complaint, but we think without sufficient cause. When the whole series is read and considered it will be seen that the attention of the jury was fairly called to the real issues and that the rules of law applicable were stated with sufficient clearness and accuracy.

The jury were not misled by the rulings or instructions of the court, and as it is to be presumed that they fairly weighed the testimony, their conclusion will not be disturbed. The judgment is affirmed.